358

So far as we can discern, after careful study, in the light of the excellent briefs, both on behalf of the state and the appellant, which are before us, the learned trial judge made no erroneous ruling throughout the taking of the testimony, and, by his rulings, successfully kept the rights of the appellant from being injured by the spirited contest between the counsel in the case, over entirely irrelevant matters.

We refrain from any caustic remarks directed at the solicitor prosecuting for the state, for the reason, that in undertaking to inject into the case perhaps the most extraneous matter (if indeed, there can be degrees in such), he had the full consent, co-operation, and approval, of the appellant's own counsel; this on the apparent theory that said appellant's counsel conceived that he might aid his client by "getting the best" of the situation thus created by the solicitor.

It appears useless for us to discuss, seriatim, the various rulings made during all this wrangling between counsel.

■ The written charges requested by, and refused to, appellant, have each been examined.

The substance of each of them was fully given to the jury in the trial court's very careful and explicit oral charge. And in said oral charge the court was at much pains to eliminate from the jury's consideration everything with reference to the hereinabove referred to cross-table bickering between counsel.

We are convinced that appellant had a fair trial, and that the judgment of conviction ought to be, as it is, affirmed.

Affirmed.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

Upon an indictment which charged this appellant with the offense of unlawfully possessing a still to be used for the purpose of manufacturing prohibited liquors or beverages, he was tried and convicted as charged, and from the judgment of conviction pronounced and entered this appeal was taken.

The several exceptions to the rulings of the court upon the admission of evidence are without merit. This so clearly appears that no discussion of the questions is necessary.

■ There was ample evidence tending to show that the still in question was located within the jurisdiction of the court where the indictment was found and the case tried. No evidence was offered to the contrary; hence the refused charge on the question of venue was properly refused as being abstract. This charge was also fairly and substantially covered by the oral charge of the court.

■ The evidence was in conflict on the material issues involved upon the trial of this case; hence the refusal of the affirmative charge was not in point, as jury questions were presented by the evidence which rendered the court without authority to direct a verdict for defendant.

No other questions are presented. The record is regular and without error.

Affirmed.

(135 So. 416)

**SPRADLEY v. STATE.**

7 Div. 760.

Court of Appeals of Alabama.

June 16, 1931.

(135 So. 417)

**COBB v. STATE.**

1 Div. 970.

Court of Appeals of Alabama.

June 16, 1931.